## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 17 2020, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Samantha M. Sumcad
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darrick Scott Sullivan,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 17, 2020

Court of Appeals Case No.
19A-CR-2284

Appeal from the Henry Circuit Court

The Honorable Kit C. Dean Crane, Judge

Trial Court Cause No.
33C02-1808-F3-11

**Najam, Judge.**

## Statement of the Case

Darrick Scott Sullivan appeals his sentence following his convictions for robbery, as a Level 5 felony; criminal confinement, as a Level 6 felony; and battery, as a Class B misdemeanor. Sullivan raises a single issue for our review, namely, whether the trial court's sentencing order is internally inconsistent regarding the length of his aggregate sentence. We remand with instructions.

## Facts and Procedural History

In August 2019, a jury found Sullivan guilty of robbery, as a Level 5 felony; criminal confinement, as a Level 6 felony; and battery, as a Class B misdemeanor. The court entered judgment of conviction and imposed the maximum sentence for each conviction (six years, two and one-half years, and 180 days, respectively). However, the trial court found, and the parties agreed, that the offenses constituted an episode of criminal conduct under Indiana Code Section 35-50-1-2. Accordingly, in its written sentencing order, the court noted that Sullivan's sentence was statutorily capped at seven years. Nonetheless, the written sentencing order also indicates that Sullivan's sentences for the two felony convictions are to run consecutively, for an aggregate term of eight and a half years. In light of this inconsistency in the sentencing order, this appeal ensued.

## Discussion and Decision

Sullivan contends, and the State agrees, that the trial court's written sentencing order is internally inconsistent. On the one hand, the court imposed an

aggregate term of eight and a half years, and on the other hand, the court stated that Sullivan's sentence is statutorily capped at seven years. We agree with the State that this case should be remanded to the trial court to correct this internal inconsistency in the sentencing order such that Sullivan's aggregate term is capped at seven years. As both Sullivan and the State point out, the trial court has options on how to impose the individual sentences for the two felony convictions to meet the seven-year cap. Accordingly, we remand to the trial court to correct the sentencing order and the abstract of judgment in a manner not inconsistent with this decision.

[4] Remanded with instructions.

Vaidik, J., and Tavitas, J., concur.